FILED
2022 Aug-30 PM 05:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CHRISTI MICHELE CLARKE,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:21-CV-00143-RDP |
| **KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration** | } |
| **Defendant.** | } |

## MEMORANDUM OF DECISION

Plaintiff Christi Michele Clarke brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB"). *See* 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Proceedings Below**

Plaintiff filed her application for a period of disability and DIB on April 5, 2019. (R. 109). Plaintiff alleged the onset of disability occurred on October 7, 2015. (*Id.*). Plaintiff's application was denied on June 17, 2019. (R. 118-121). Upon denial, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 131). Plaintiff's request was granted and a hearing was held on March 12, 2020. (R. 78-108, 133, 149). In her May 22, 2020 decision, the ALJ determined that Plaintiff has not been under a disability, as defined in the Act, from October 7, 2015 through

the date of the decision. (R. 74). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became the final decision of the Commissioner, and it is now incumbent upon this court for review.

At the time of the hearing, Plaintiff was 44 years old. (R. 118). Her highest educational degree attained is a high school diploma. (R. 210). Plaintiff claims that she has been unable to engage in substantial gainful activity since her alleged onset date due to: dysautonomia, anxiety and depression, tachycardia, syncope, high blood pressure, dizziness and fainting, chest pain/shortness of breath, visual disturbances, panic attacks, insomnia, tension and cluster headaches, gastrointestinal issues/nausea, weakness and numbness, tingling in hands/feet, muscle spasms, poor concentration, memory problems, mood swings, fatigue, temperature regulation problems, dehydration, and overactive sensory issue (loud noises and lights). (R. 209). At the time of applying for disability benefits, Plaintiff was on nine different medications for the following conditions: headaches, depression, muscle pain, anxiety, insomnia, heart function, tachycardia, high blood pressure, and nausea. (R. 212). Plaintiff does not see a mental health professional for depression and anxiety. (R. 85). Plaintiff takes medication for her tachycardia but has not been prescribed anything for her chest pain. (*Id.*). Plaintiff testified that she can care for her personal needs, including bathing and dressing herself. (R. 87).

Plaintiff claims that she first began experiencing syncope on October 7, 2015, and it has continued since then. (R. 64). Plaintiff has not been hospitalized for any episodes of syncope since 2015. (R. 84). On her alleged onset date of disability, Plaintiff testified that she passed out while getting ready for work. (R. 89). Upon waking up, Plaintiff went to work and informed her employer of her syncope episode. (*Id.*). Plaintiff was sent home and told that "until [she] found out what was going on that [she] shouldn't come back to work." (*Id.*). Plaintiff has not worked for wages since

that day. (*Id.*). Plaintiff's doctor prohibited her from driving until she was syncope free for six months. (R. 89, 334). Plaintiff has not driven alone since that time and someone drives her everywhere she goes. (R. 90). Plaintiff testified that she faints "at least three to four times a month." (R. 83). Plaintiff kept a notebook from August 2019 to March 2020 and noted spells of fainting throughout that time. (R. 245-49). (All recordings have dates and times and are signed by a witness). (*Id.*).

Plaintiff was referred by her personal physician, Dr. Kyle Hudgens, to Dysautonomia MVP Center. (R. 326). Medical records reveal that Plaintiff visited Dr. Paula D. Moore eleven times in the span of three years. (R. 292-326, 332-34, 335-42). Plaintiff presented to Dysautonomia MVP Center complaining of several issues: fainting, headaches, lightheadedness, anxiety, depression, chest pain, tachycardia, palpitations, and insomnia. (R. 292-326). In September 2020, Dr. Moore completed a Physical Capacities Form and Mental Health Source Statement for Plaintiff. (R. 36-37). Dr. Moore noted that Plaintiff could "perform activities within a schedule and be punctual within customary tolerances," as well as "sustain an ordinary routine without special supervision." (R. 36). In her diagnostic impression, Dr. Moore would expect Plaintiff to be off task 30% of the time in an 8-hour day, and miss 2-3 days of work in a 30-day period due to her psychological symptoms. (*Id.*). Plaintiff also received a consultative evaluation of her mental health by Dr. Robert H. Kline on June 15, 2019. (R. 328-31). Dr. Kline described his assessment as follows, "[d]epression by history in good remission with medication. Anxiety in good remission with medication." (R. 330).

During the hearing, Plaintiff's mother-in-law testified that Plaintiff cannot be still, checks her pulse and heart rate constantly, and is very nervous. (R. 98). She further stated that she had seen Plaintiff pass out on multiple occasions. (*Id.*).

**II.     ALJ Decision**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." 20 C.F.R. § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of these criteria, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v).

In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g).  Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

### III.    Plaintiff's Argument for Remand or Reversal

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Plaintiff contends that the Appeals Council wrongly denied review and erroneously held that her Physical Capacities Form and Mental Health Source Statement completed by her treating physician did not show a reasonable probability that it would change the outcome of the ALJ's decision. (R. 2). Plaintiff next argues that the ALJ's decision is not supported by substantial evidence when the additional material that was submitted to the Appeals Council is considered.

### IV.    Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "(i)t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**V.     Discussion**

After careful review, and for the reasons discussed below, the court concludes that the ALJ's decision is supported by substantial evidence and proper legal standards were applied.

> **A.     Substantial Evidence Supports That the Appeals Council Reviewed the Additional Evidence Submitted by Plaintiff and Followed All Protocol When Reaching a Decision.**

Plaintiff argues that the Appeals Council failed to adequately review the additional evidence provided in her Physical Capacities Form and Mental Health Source Statement. (Doc. #9 at 9-24). Plaintiff's contention that the Appeals Council erroneously held that the new evidence did not show a reasonable probability that it would change the outcome of the decision is misplaced. The Appeals Council "must consider new, material, and chronologically relevant evidence." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). However, as the Eleventh Circuit has held, the Appeals Council is not required to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). Plaintiff relies on *Garoutte v. Berryhill*, 2018 U.S. Dist. LEXIS 24896, *9-11, presumably to argue that the Appeal Council's

duty to develop the record requires it to mention and consider the existence of additional evidence. (Doc. #9 at 13-14). This matter is distinguishable from *Garoutte*.

In *Garoutte*, the district court found that the record in that case was not fully developed as certain medical records had been submitted to the Appeals Council by the claimant but were missing in the administrative record. *Garoutte*, 2018 U.S. Dist. LEXIS 24896, at *10-11. Because of those missing records, the district court could not review whether the Appeals Council considered the missing records and remanded the case for further consideration. *Id.* at *11.

Here, the additional evidence submitted by Plaintiff does not reveal any new or significant medical condition (nor does it provide relevant information that would change the ALJ's determinations). Rather, the submissions were related to further information about her established ailments. The Appeals Council expressly stated that it had received and considered Plaintiff's additional records. (R. 2). However, even after consideration of those records, the Appeals Council found that they did not warrant remand. (R. 2, 67). The court agrees.

It is clear that since Plaintiff's alleged onset date, she has not performed any substantial gainful activity. She was ordered not to return to work and has not worked for pay since her alleged onset date. (R. 89). Additionally, Plaintiff has not driven alone since her alleged onset date -- someone drives her everywhere she goes. (R. 90). Furthermore, based on the evidence of syncope, tachycardia, and high blood pressure, it is clear that Plaintiff's impairments are indeed severe. However, based on the evidence, including Plaintiff's Mental Health Source Statement and Physical Capacities Form, Plaintiff does not meet the standard for an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526. There is simply no suggestion that the Appeals Council failed to develop a full record. And, regardless of the submissions, the ALJ determined that none of Plaintiff's medical impairments meet any listing

that would result in her being declared disabled. Because of this, Plaintiff's argument that the Appeals Council was erroneous in finding that the new evidence would not change the result does not hold water. The ALJ was correct when she found that none of Plaintiff's ailments matched any listings for disability. (R. 67).

> **B.     The ALJ's Decision Was Supported by Substantial Evidence When Considering Plaintiff's Submissions to the Appeals Council.**

Plaintiff next argues that the decision rendered by the ALJ was not supported by substantial evidence when the submissions to the Appeals Council are considered. Plaintiff cites to *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) and *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980) for the proposition that remand is appropriate where the Appeals Council fails to review additional evidence. (Doc. #9 at 21-23). However, again, Plaintiff has failed to provide information indicating that the Appeals Council did not review her additional evidence. In fact, the Appeals Council specifically stated that they received correspondence from Dr. Paula Moore containing Plaintiff's Physical Capacities Form and Mental Health Source Statement and found that the "evidence does not show reasonable probability that it would change the outcome of the decision." (R. 2). Moreover, unlike the Appeals Council in *Epps* that failed to put in writing that they evaluated the new evidence, the Appeals Council in this case expressly stated that it did receive -- and considered -- the additional evidence submitted by Plaintiff. (R. 2). As previously explained, the Eleventh Circuit does not require the Appeals Council to "provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell*, 771 F.3d at 784 (11th Cir. 2014). In reviewing all of the evidence, Plaintiff fails to meet any listing for disability.  (R. 67). Finally, after careful review, the court concludes that the ALJ's decision is supported by substantial evidence.

## VI.     Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this August 30, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE